FREDERICK E. B. HINTZE
vs.
CHRISTOPHER STINGEL AND WIFE.  } SEPTEMBER TERM, 1848.

[TRUSTEE'S SALE—INADEQUACY OF PRICE.]

INADEQUACY of price is not sufficient ground for setting aside a sale otherwise unexceptionable, unless the sum reported is so grossly inadequate as to indicate a want of reasonable judgment and discretion in the trustee.

But, where any other just cause appears, to doubt the propriety of the sale, it is a consideration very proper to be viewed in connection with it, that the sale was made at a reduced price.

It appearing, that the defendant, who was a German, and imperfectly acquainted with our language, called upon the trustee a few days before the sale, for information as to the day of sale ; and, that either the trustee incautiously misinformed him on the subject, or that he misunderstood the trustee, owing to his imperfect knowledge of the English language ; and, that a bidder who would have given nearly twice the amount for which the property was struck off, was kept from attending the sale by the information which he received from the defendant; upon these circumstances and the concurrence of the plaintiff in the application, the sale was set aside.

[On the 2d of May, 1848, certain real estate in the city of Baltimore, belonging to the defendant, was sold under a chancery decree to satisfy a mortgage debt of the complainant. The defendant, who was a German, and imperfectly acquainted with the English language, applied to the trustee, shortly before the sale, to know on what day the property was to be sold. According to his understanding of the trustee's reply, the sale was to take place on the 5th of May; and, under that impression, he commenced arrangements for obtaining money to pay the amount due on the mortgage, or at any rate, to procure the attendance of purchasers at the sale.

The sale was made, as above stated, on the 2d of May, 1848, without the defendant's knowledge, who had induced persons to attend on the 5th of the month, willing to give a much higher price for the property than was given by the purchaser, Hudson. The trustee, in his report, mentioned most of the above circumstances, and also stated, that the property sold much below its value, and the purchaser had paid him $600 of the pur-

chase money, which he was ready to refund if a re-sale was ordered. A petition was filed by the defendant to set aside the sale, and the complainant also expressed his willingness that it should be vacated. This, however, was opposed by the purchaser who alleged the fairness of the proceedings. Some depositions were taken in relation to the value of the property, as well as other matters affecting the merits of the question, by which it appeared that its value was far beyond what it was sold for ; and the case being argued at this term, the Chancellor, after stating the case, said :]

THE CHANCELLOR :

The Court of Appeals of this state said, in the case of *Glenn, Trustee of Dorsey* vs. *Clapp*, 11 G. & J., 1, that the court would not set aside a sale, in all other respects unexceptionable for inadequacy of price, unless the sum reported by the trustee is so grossly inadequate as to indicate a want of reasonable judgment and discretion in the trustee : but, where any other just cause appears, to doubt the propriety of the sale, it is a consideration very proper to be viewed in connection with it, that the sale was made at a reduced price.

The Court of Appeals have not said what that degree of inadequacy is, which, standing alone, would vitiate the sale ; or, in other words, would demonstrate the want of reasonable judgment and discretion in the trustee ; nor, is it necessary that I should, in this case, undertake to lay down a rule upon the subject. It is enough, that inadequacy of price is a consideration which should not be without its influence upon the mind of the court, when there are other circumstances well calculated to create a doubt of the propriety of the sale. It is true, as was strongly pressed by the solicitor of the purchaser in this case, that sales made under judicial authority, should not be lightly interfered with, and that reasons, founded upon public policy, require that every fair legal intendment should be made in their support. But still, the court, which is the vendor, and undertakes to sell the title of the parties to the suit, is surely bound to protect them from the consequences of surprise,

misapprehension or mistake; and, especially, is it under an obligation to do so, when it has just grounds for supposing, that the acts or declarations of the officer employed by it to make the sale, has been the cause of such surprise, misapprehension or mistake.

Now, in this case, in view of the facts stated by the trustee in his report, and of the grounds set forth in the petition of the defendant, sustained. as that is by the evidence of disinterested parties, there is, I think, scarcely a doubt, that the trustee did, from inadvertence, misinform the defendant in regard to the day of sale ; or, at all events, from his (the defendant's) imperfect knowledge of our language, he misunderstood the trustee upon the subject.

It would seem impossible to doubt this ; and the deposition of James Slater, a witness whose veracity is not questioned, and of whose ability to pay no doubt has been expressed, says, but for the information which he received from the defendant, as to the time of sale, he would have attended, and if present, he would have given two thousand dollars for the property. It is true, there is some discrepancy between the evidence of this witness, as to the precise day on which he says the defendant told him the sale was to take place, and the statement of the defendant, in his petition. But, it is clear, beyond dispute, that the defendant was under a misapprehension upon the subject; and the evidence of Slater shows, that this misapprehension caused the defendant to make to the witness an erroneous statement as to the day of sale, which resulted in a loss of nearly one-half the value of the property.

It appears to me, that the following facts are indisputably established in this case :

1st. That the defendant did call on the trustee a few days before that on which the sale was made, for information as to the day of sale.

2d. That the trustee either incautiously misinformed him upon the subject, or, that the defendant misunderstood the trustee, owing to his (the defendant's) imperfect knowlededge of our language ; and,

3d. That a bidder who would have given nearly twice the amount for which the property was struck off, was kept from attending the sale by the information which he received from the defendant.

These circumstances, I am persuaded, must cause a doubt, and a strong doubt, of the propriety of the sale, and when viewed in connection with the unquestionable fact, that the property sold much below its value, seem to me to furnish sufficient grounds to vacate it.

This case, in some of its features, and, especially, in that particular one upon which my judgment is formed, is strikingly like the case of *Williamson* vs. *Dale*, 3 *Johns. Ch. Rep.*, 290, in which a sale made by a master in New York was set aside, upon the ground of surprise; the surprise consisting in a misapprehension on the part of the defendant, as to the day of sale, founded upon conversations had by their agent with the plaintiff and his solicitor—there was, in that case, as stated by the Chancellor, no imputation of any unfair intention in the plaintiff or the solicitor, or of any unfair conduct at the sale; but still, upon the ground, that the defendants were innocently misled, the sale was vacated; though the purchaser was conceded to stand fair before the court, upon which he was allowed his costs, which I shall order to be paid him in this case.

There was inadequacy of price shown in the case before Chancellor Kent, but that, he said, would not be sufficient, unattended with other circumstances. He put it upon the ground of surprise, though he remarked, the surprise was not of the most stringent kind; and the case for relief, on that ground, was pushed to the utmost verge of an admissible interference.

The case now under consideration is, I think, stronger than that of Williamson and Dale; and, therefore, I do not think I am treading on delicate or dangerous ground, in vacating this sale and ordering the property to be put again in the market. Some of the objections, founded on considerations of public policy, are certainly obviated by the concurrence of the plaintiff, in the application for the interposition of the court.

An order will be passed, setting aside the sale, directing the

trustee to return to the purchaser the money which he has paid, and for the payment of his costs by the defendant, or out of the proceeds of any future sale which may be made by the trustee.

[No appeal was taken from this order.]