# JOHN N. CARROLL *vs.* CELESTE M. W. HUTTON.

*Mortgage Sales—Division of large Tract of Land—Insufficient Advertisement of Sale—Exceptions.*

A mortgage sale of a tract of land containing 1,800 acres was set aside when reported to the Court for ratification, and a re-sale was ordered to be made in separate farms so far as practicable, as well as in its entirety. The land had been worked in five separate farms and upon the whole tract there were 15 dwelling houses and many outbuildings. The trustee directed a surveyor to divide the property into five farms as formerly occupied. The advertisement of the sale described the property by name and stated that it would be first offered in five farms, a plat of which could be seen at the office of the mortgagee's attorney, and in the event of the prices obtained for them not being sufficient to cover the mortgage indebtedness then the property would be sold as a whole. There was nothing in the advertisement to identify the several farms that were to be sold, or to show their exact outlines, and the improvements thereon, or the proportion of arable land in each, and no copies of a plat of the property were distributed at the sale. The plat was kept at an office in Baltimore City while the property sold was situated in Baltimore County. At the sale the mortgagee became the purchaser of the entire tract at a price the adequacy of which was disputed. *Held,* that the trustee should have made an examination of the property and caused a division thereof for sale to be made in the most advantageous manner, not necessarily according to the five farms; that the advertisement did not contain a sufficient description of the different tracts and that consequently the sale to the mortgagee should be set aside and a re-sale made.

Appeal from an order of the Circuit Court for Baltimore County (FOWLER, C. J., and BURKE, J.) overruling

exceptions and finally ratifying the mortgage sale reported in this case.

The cause was argued before McSHERRY, C. J., BRYAN, PAGE, BOYD and PEARCE, JJ.

*J. J. Alexander* (with whom was *J. I. Yellott* on the brief), for the appellant.

*Ferdinand C. Latrobe* and *D. G. McIntosh*, for the appellee.

PAGE, J., delivered the opinion of the Court.

This is an appeal from the action of the Court below, in confirming the sale made and reported by Ferdinand C. Latrobe, attorney named in a mortgage from John N. Carroll and wife to Celeste M. W. Hutton. The mortgage, a copy of which is in the record, was executed on the 29th of January, 1896, by Carroll and wife to secure the payment of $25,000 and interest due on his promissory notes to Mrs. Hutton. It contains a provision that in case of default in the payment of the principal debt or the interest thereon at the times limited, the entire mortgage debt should be due and demandable. The property covered by the mortgage is described as " all that tract of land situate in Baltimore County, State of Maryland, comprising a part of a tract of land called ' The Caves,' a part of ' Lion's Den,' and the land called ' Gist's Search ' conveyed by Ann C. Bond to John C. Carroll by deed dated, &c., and recorded, &c "—then follows a description by metes and bounds —" Containing One Thousand Eight hundred and fifteen acres more or less." There is also a further description by reference to certain deeds and to the fact that John N. Carroll obtained title to part of the property under the will of his father, and to other parts as heir at law of his father, uncle and brother. The interest due 29th January, 1897, being overdue and unpaid, on the fifth of the following May proceedings for a sale of the mortgaged premises were commenced.

Gen. Latrobe, the attorney named in the instrument, filed his bond, advertised and offered it for sale at Towson on the sixth of July, and Mrs. Hutton, the mortgagee, became the purchaser at the sum of twenty thousand dollars. This sale was excepted to by the appellant and on the ninth of March following was set aside by the Court, with instructions to the trustee that in making a re-sale of the property, the mortgagee or attorney making the same shall offer it " in separate farms or farm tracts as far as the same shall be practicable," as well as in its entirety. The testimony before the Court when that ruling was made is incorporated in the record. Much of it goes to the alleged inadequacy of the price. It was shown that the land described in the mortgage had been divided for farming purposes into five farms, and had been so used and occupied for many years, and that on each of these farms there were suitable dwellings, barns and other usual outbuildings. The Court in delivering its opinion said:

" The quantity of land included in the mortgage is stated to be eighteen hundred and fifteen acres more or less. It is located in one of the best and most desirable sections of the county. The evidence shows the land to have been divided by the owner for farming purposes into five separate and distinct farms, and that it had been so occupied and used for many years. Each of these separate farm tracts has a good dwelling house, a good barn and the usual outbuildings. On the whole tract there are fifteen dwelling houses, and altogether about thirty-five different buildings. The amount of insurance upon the improvements is nineteen thousand five hundred dollars."

To comply with the order of the Court Gen. Latrobe, attorney, in his report, states that with the aid of a surveyor, he divided the property into five separate farms or farm lots on such lines as some of the witnesses had testified the property had been divided into and used, and made full and complete plats of the same. He then proceeded to advertise the property, and on the fifth day of April offered it for sale, at first in five separate

farms or parcels, and then in its entirety, and again the mortgagee became the purchaser of the entire tract for the sum of twenty-nine thousand dollars. The appellant excepted to the sale, and from the order of the Court overruling the exceptions and ratifying the sale, this appeal was taken.

The several grounds of the exception are:

1st. That the property was not advertised and offered for sale in the manner directed by the Court.

2nd. That the advertisement was insufficient and improper.

3rd. That the sale was made at a great " under-value."

4th. That the survey was only pretended and not a proper survey, and no copies of the plats were made and distributed.

With reference to the alleged inadequacy of the price, only a word is needed. The testimony on that point is conflicting. The witnesses on the part of the mortgagee range in their estimates from twenty-five to thirty thousand dollars, while those of the mortgagor estimate the property to be worth much more, some of them placing it as high as seventy thousand dollars. We note this conflict only because it has some bearing on the points upon which we rest our decision.

After a careful examination of all the evidence before us, we are constrained to the conviction that the trustee or attorney has not exercised that degree of care in offering the property that was incumbent upon him. The situation was this: as trustee under the mortgage to make the sale, he was bound for the protection of the interest of all the parties concerned to bring the property into the market in such manner as to obtain a fair market price. His obligations in this respect measure up to the standard of fiduciary duty resting on a trustee under a decree of the Court. *Hubbard* v. *Jarrell*, 23 Md. 66.

He should have exercised the same degree of judgment and prudence that a careful owner would exercise in the sale of his own property, and in doing that he would have fully considered the best mode of offering the property, not only as to whether it was advisable

to offer it in lots or parcels, but also as to the proper location and outlines of each parcel.  *Hopper* v. *Hopper*, 79 Md. 402.

Gen. Latrobe seems to have given the matter of the proper division of the tract but little attention.   He assumed that the order of the Court required of him only, that he should offer the five farms as they had been used and occupied, and that his whole duty had been amply discharged when he had ascertained the respective boundaries and so offered them.   But this was a misconception of the order.   While it directed that he should offer the tract in separate farms or farm tracts, yet that did not relieve the trustee of his duty of determining the advisability of making other or different divisions.   The order indeed in plain words directed him to offer it " for sale in separate farms or farm tracts *so far* as the *same* shall be practicable, as well as in its entirety "; thus imposing upon the trustee the obligation of examining into the matter and deciding what was practicable.   But instead of doing as an ordinarily prudent owner desiring to make a sale would have done, the trustee sent for the surveyor who had made a plat of the entire tract and directed him to divide the property into five farms as they had been formerly used and occupied.   He also wrote to Mr. Carroll and to his attorney asking how he or they would like to have it divided, and finally, instead of going himself or employing some competent person to examine the property and thereupon exercising his judgment as to the manner in which the property could be divided most advantageously for the purposes of sale, he sent the surveyor, not with directions to examine the property, but only to fix the outlines of the five farms as they had formerly been used and occupied.   Some suggestions seem to have been made by Mr. Carroll as to the division of the property; one was that the Bond farm should be laid off in addition to the five farms; another that contemplated the making of ten or twenty lots; but these were allowed to pass by without being considered.   The property was offered in five farms, without the trustee hav-

ing devoted a moment's attention to the subject. It is far from being improbable in a case like this that a better division for purposes of sale could have been made than into the ancient five farms. The property was a very large one, containing over eighteen hundred acres; it was situated in a desirable neighborhood, and was improved by many buildings, located on different portions of the tract. The number of persons who would be able to bid for the whole tract necessarily must be limited, but it is highly probable that many could be found who would desire to purchase smaller tracts that could be sold at prices within their ability to pay. It was undoubtedly the duty of the trustee to devote an adequate consideration to these matters, and if he did not and the property has been sold to the mortgagee at a price about which there is a doubt as to its adequacy (as seems to be the case here), the Court will apply a strict construction to the rules and refuse to ratify the sale. *Mahoney* v. *MacKubin*, 52 Md. 366; *Reeside* v. *Peter*, 33 Md. 126.

While we do not doubt that Gen. Latrobe was far from being guilty of a willful violation of his trust, the circumstances show that he seriously misapprehended the full scope of his duties, which we think imposed upon him the obligation of an active diligence to secure an advantageous sale of the property for the benefit of all the persons interested.

In connection with what has been said already, the advertisement must also be regarded. The descriptive part of it is as follows: it informs the public that the attorney will sell "all that tract of land comprising a part of the tract called 'The Caves,' a part of 'Lion's Den' and the land called 'Gist's Search,' a description of which tract of land by metes and bounds, courses and distances, is set forth in the above named mortgage. This property contains eighteen hundred and fifteen acres, more or less; also a small strip of land containing eighty-eight perches adjoining the same, and included in said mortgage. This property will be offered for sale in five separate farms or farm tracts, a plat of which

farm tracts with a list of the buildings situated thereon, as well as a plat of the entire property, can be seen at the office of Ferdinand C. Latrobe, 205 St. Paul Street. In the event of the prices bid for the five farms or farm tracts not being sufficient to cover the amount of the mortgage indebtedness due the mortgagee on the land, the property will then be sold as in its entirety or as a whole."

The object of the advertisement is to inform the public what property is to be sold, to prevent its sacrifice and to afford the owner an opportunity to redeem it from sale. *Kaufman* v. *Walker*, 9 Md. 240. It " should of itself contain sufficiently definite terms of description, without further reference, to apprise the public of the property to be sold. . . . The authority by which the property is sold, a description thereof, full enough to be understood by the public, its popular name if any, its proximity to other known property, the name of the occupant at the time, or any other prominent characteristics, may all or either afford means of informing the public, and others concerned, of the identity of the property." *Reeside & Wife* v. *Peter, supra.*

Applying these well-established rules, it is clear there is nothing in this advertisement to identify the several farm tracts that were to be sold. It shows, no doubt, that they are to be taken out of the tract of land mentioned in the mortgage, but there is nothing as to the particular location of each parcel or as to any of its prominent characteristics. Nothing appears as to the contents of any of the farms, the character of the soil, the number of dwellings and their condition, or as to the proportion of arable land. The trustee does inform the public that a plat has been made of each farm which could be seen at his office in the City of Baltimore; but what the plats contained or would show was not set forth ever so briefly, and no copies of them were made and distributed. Whether the descriptions in the plats are correct are also open to some question. The lower Court in deciding the questions raised by the first exception, said the evidence showed that " each of these

separate farm tracts has a good dwelling house, a good barn and the usual outbuildings," and yet an inspection of the descriptions of farm D and farm E will show that it is there stated there are no improvements on either. But however this may be, it is clear that these plats and descriptions in the office of the attorney furnished no information whatever to the general public. The advertisement therefore conveyed no other information as to the five farms than that they were to be carved out of the entire tract, and a possible purchaser could derive from it no definite idea of what was to be sold or of the particular elements of value that each contained.

There were many other matters adverted to and discussed at the argument, but we do not refer to them here, because for the reasons already assigned the order confirming the sale must be reversed.

> *Order reversed and remanded, with costs to the appellant.*