JOHN F. THOMAS et at. *vs.* MARGARET J. FEWSTER.

*Mortgage Sale Vacated for Failure of Trustee to Exercise Proper Discretion in Mode of Offering the Property.*

A tract of land containing seven and a-half acres with improvements thereon, situated in a village about a mile from Baltimore City, was mortgaged to secure the payment of the sum of $2,500. A default having occurred, the trustee under the mortgage sold the whole property in its entirety for nearly $4,000. The advertisement of the sale stated that by reason of its large frontage on a much travelled road the property was very susceptible of division into building lots. Under exceptions to the ratification of the sale, the evidence showed that if the land had been sold in lots it would have brought upwards of $8,000. *Held*, that the sale should be set aside because the trustee should have offered the property with a division into lots so as to realize the largest possible sum, as a careful owner would have done in the sale of his own land, and also because the trustee sold more of the property than was necessary for the satisfaction of the mortgage debt and costs of sale.

Appeal from an order of the Circuit Court for Baltimore County (Fowler, C. J., and Burke, J.)

The cause was argued before McSherry, C. J., Briscoe, Boyd, Schmucker and Jones, JJ.

*Louis P. Hennighausen* and *W. W. Parker* (with whom was *J. R. M. Staum* on the brief), for the appellant.

*John F. Gontrum*, for the appellee.

Briscoe, J., delivered the opinion of the Court.

The appeal in this case is from an order passed by the Circuit Court for Baltimore County, dated the 12th day of December, 1901, setting aside and vacating a sale of real estate made by Walter W. Parker, trustee, under and by virtue of a decree of that Court. The decree was passed on the 10th day of May, 1901, for a sale of the property, in a proceeding to foreclose a mortgage executed on the 27th of February,

1899, by the appellees Margaret J. Fewster and Christopher Fewster, to one of the appellants, Alice M. Willig, to secure the payment of an indebtedness of twenty-five hundred dollars. There was due and owing by the mortgagors to the mortgagee, on the day of sale, on account of principal debt and interest, the sum of $2,612.92.

The property conveyed by the mortgage and decreed to be sold, is described as containing about seven and one-half acres of land, situate at Gardenville in Baltimore County, on the Bel Air road, about one and one-half miles north of North avenue, and north of Holy Redeemer Cemetery, situate on that road. The property was advertised, by the trustee, in two newspapers, the "Baltimore Sun" and the "Maryland Journal." The advertisement of the sale by the trustee contains a further description of the property as follows: "This property is situate on the Bel Air road, near Holy Redeemer Cemetery, and is about ten minutes' ride by electric cars from North avenue. It contains about seven and one-half acres of land fronting on the Bel Air road, and all being in the very highest state of cultivation. The improvements consist of a two and one-half story twelve-room dwelling-house with stable, carriage-house, store-house, dairy and other outbuildings. There is also a great number of fine shade trees, all kinds of fruit trees, yielding an abundance of excellent fruit, and a never-failing spring of pure water. It is convenient to public schools of Baltimore City, and to churches of every denomination. By reason of its superior location having a large frontage on the Bel Air road, *this property is very susceptible of division into building lots.*"

This property and improvements were sold by the trustee in its entirety at public sale, on the premises, on the 4th of June, 1901, to the appellant, John F. Thomas, for the sum of $3,825. Subsequently, the sale was reported to the Court and seven exceptions to its ratification were filed by the mortgagors. The Court below sustained the appellee's fifth exception and vacated the sale, upon the ground, that "the trustee who made the sale did not exercise proper and reasonable

judgment and discretion in making the sale." It is from this order that the purchaser, the trustee and the mortgagee, have appealed.

The appellees contend that the property in question was susceptible of division into lots, and that the trustee made a mistake in selling the property in its entirety, that if the property had been divided into lots, 50x150 feet, the front lots alone would have sold for enough to have paid the mortgage debt and expenses.

The principle is well established by all the Maryland cases, and as specially applicable to sales made by trustees under decrees in equity, that mere inadequacy of price standing by itself is not sufficient to invalidate a sale, unless it be so gross and inordinate as to indicate a want of reasonable judgment and discretion or misconduct or fraud in the trustee or some mistake or unfairness for which the purchaser is responsible.

It is impossible, to examine the proof in this record, without being fully satisfied that the trustee while he acted in good faith, made a mistake in selling the property in its entirety, instead of first offering it in lots. The evidence shows that it was susceptible of division into lots and one of the inducements offered to buy, in its entirety was stated in the advertisement of the property by the trustee, to be "that by reason of its superior location having a large frontage on the Bel Air road, this property is very susceptible of division into building lots."

Mr. Risteau, one of the witnesses and an auctioneer for over thirty years, testfied that he knew the property well, and that the proper way to sell it, in order to realize the greatest amount therefrom would be in lots, that property in that locality bounding on the turnpike would bring $1,000 per acre, that this property ought to be worth $8,000, that the front alone, if it had been laid off in lots 50x150 feet, would have brought $8,000. Mr. McLean, a civil engineer and County Surveyor of Baltimore County, testified that the property could be advantageously divided in fourteen lots, that the lot at the northeast corner is one of the prettiest locations, for residential purposes, in the whole vicinity and is worth with improve-

ments about $2,000, and with the other lots would be worth more than $7,400.    He further testified that if it was divided into lots it would bring from 40 to 50 per cent more than selling it in an entirety.

There was other testimony on the part of the appellee tending to show "that the front lots alone would have sold for enough to clear all the mortgage debt and expenses" and that other property in that section of the county, near this property and not as valuable, had recently sold for a much larger amount.

We have carefully examined the testimony upon the part of the appellants, and find it wholly insufficient to show that the trustee adopted the best mode of offering the property for sale.    He failed to exercise the same degree of judgment and prudence that a careful owner would have adopted in the sale of his own property.

The law upon this subject is settled beyond controversy. In *Carroll* v. *Hutton*, 88 Md. 679, a case involving this principle, the Court in speaking of the standard of fiduciary duty resting on a trustee, lays down this rule :    A trustee is bound for the protection of the interest of all the parties concerned to bring the property into the market in such manner as to obtain a fair market price; he must consider the best mode of offering the property, not only as to whether it was advisable to offer it in lots or parcels, but also to the proper location and outlines of each parcel.    *Hopper* v. *Hopper*, 79 Md. 402; *Hubbard* v. *Jarrell*, 23 Md. 66; *Mahoney* v. *Mackubin*, 52 Md. 366; *Reeside* v. *Peter*, 33 Md. 126; *Glenn* v. *Clapp*, 11 G. & J. 1; *Loeber* v. *Eckes*, 55 Md. 2; *Johnson* v. *Dorsey*, 7 G. 294; *Hintze* v. *Stingel*, 1 Md. Chy. 283.

There is another objection, that we think is absolutely fatal to the sale made by the trustee in this case, and that is, according to the evidence, the trustee sold more property than it was necessary for the satisfaction of the debt and expenses of the sale.    By the 187 sec. of Art. 16 of the Code, it is provided, that when any suit is instituted to foreclose a mortgage the Court may decree that, unless the debt and costs be paid by a day fixed by the decree, the property mortgaged or so

much thereof as may be necessary for the satisfaction of the debt and cost shall be sold.

In the case of *Boteler & Belt* v. *Brookes*, 7 G. & J. 143, in construing the Act of 1785, chapter 72, which is codified as section 187 Art. 16, JUDGE ARCHER said : That the Legislature had a two-fold object in view in authorizing a sale of mortgaged premises. It was calculated to save to the mortgagor a portion of the mortgaged estate from passing to the mortgagee beyond power of redemption, and to secure to the mortgagee by a sale a speedy and expeditious payment of the money loaned by him. It contemplated that no more of the mortgaged premises should be sold than was practically unavoidable and necessary to pay the debt and expenses. The case of *Boteler* v. *Brookes* was approved in *Johnson* v. *Hambleton, Trustee*, 52 Md. 378, where it is held that property should be divided into lots or parcels beyond any doubt, when such division and sale would produce more advantageous results.

This rule is of universal application relating to judicial and other sales, where they are made for the purpose of realizing an indebtedness, and no more of the property than what is necessary to meet the debt should be sold. *Berry* v. *Griffith*, 2 H. & G. 345; *Johnson* v. *Dorsey*, 7 Gill, 293; *Nesbit* v. *Dallam*, 7 G. & J. 512; *Hubbard* v. *Jarrell*, 23 Md. 66.

CHANCELLOR KENT, in commenting upon the duty and obligation of trustees and others to observe this rule, uses this language, in *Woods* v. *Monell*, 1 Johns. Chancery Rep. 505, "that to sell in parcels or lots, tends to prevent odious speculations upon the distresses of the debtor."

We find no force in the objection urged by the appellants that the appellees were estopped by their conduct from filing objections to the ratification of the sale. This objection is not sustained by the evidence.

It follows, therefore, from what we have said, that the appellee's fifth exception will be sustained, and the order of the Circuit Court for Baltimore County, setting aside and vacating the sale, will be affirmed.

*Order affirmed, with costs,*

(Decided June 18th, 1902.)