# WILLIAM M. MAYS *vs.* MRS. ANNA M. LEE.

*Mortgage Sale Annulled.*

A mortgage covered two distinct farms lying on either side of a road. The trustee under foreclosure proceedings offered for sale all the property as one farm, and sold it as an entire tract for five thousand three hundred and fifty dollars. The amount of the mortgage debt with interest was three thousand two hundred dollars. Upon exceptions to the sale as reported by the trustee, the evidence showed that one of the farms alone, if offered separately, would have sold for enough to pay the debt and costs. *Held*, that the sale should be set aside and vacated, first, because the two farms should have been offered as separate tracts and not together as one farm and secondly, because no more of the mortgage property should have been sold than was necessary to pay the debt and the expense of the sale.

Appeal from the Circuit Court for Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William Grason,* for the appellant.

*Frank I. Duncan* (with whom was *W. Gill Smith* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, passed on the 7th day of July, 1904, sustaining certain exceptions and vacating a sale of mortgaged real estate made and reported by James J. Lindsay, the attorney named in the mortgage.

The property conveyed by the mortgage consisted of two separate tracts or farms; one contained 116 acres and five perches, known as the "Michael farm" and was located on the south side of a county road leading from the York turn-

pike to the town of Phoenix.   The second tract contained 96 acres and 45 perches and was known as the "Frazier farm," and was situated on the north side of the county road.

The mortgage was executed on the 20th day of December, 1901, by the appellee, Anna M. Lee, of the State of Illinois to Richard Swormstedt of Baltimore City to secure an indebtedness of thirty-one hundred dollars.

There was due on the mortgage, including interest, taxes and insurance, on the day of sale, the sum of thirty-three hundred and seventy-eight dollars and thirty-one cents.

The property was advertised and sold as one tract and was purchased by the appellant on the 22nd day of March, 1904, in its entirety, at public sale for the sum of fifty-three hundred and fifty dollars.

Subsequently exceptions were filed to the sale upon the ground; first, because of irregularities apparent on the face of the proceedings; second, because of insufficient advertisement; third, because said sale was improperly made, and fourth because of the glaring and gross insufficiency of the price obtained for the property and for other reasons to be assigned.

There are two fatal objections to the sale made by the attorney named in the mortgage in this case, and they appear upon the face of the record.

*First.* The property consisting of two farms should have been sold as separate tracts and not in the entirety.

*Second.* No more of the mortgaged property should have been sold than was necessary to pay the mortgaged debt and expenses.

It appears from the record that the mortgaged property consisted of two separate and distinct farms, one containing 116 acres and known as the "Michael farm" and the other contained 96 acres, and known as the "Frazier farm." The property was advertised as one farm, containing in the aggregate two hundred and twelve acres, and was sold in its entirety for the sum of fifty-three hundred and fifty dollars to pay an indebtedness of about three thousand and two hundred dollars, due as principal and interest on the mortgage.

The evidence as set out in the record shows, that the Michael farm alone, if the property had been sold as separate farms, would have sold for a sufficient sum to have paid the debt and expenses of sale. Mr. Royston, a witness in the case, and who resided near the property and knew the value of land in the immediate locality testified that forty dollars an acre would be a fair price for the Michael farm. Mr. Wm. W. Hare who had resided in the neighborhood for over twenty years and also knew the property in controversy, testified that one of the farms, the Michael farm, could have been sold for a sufficient sum to have paid the mortgage debt, interest and costs; that six thousand dollars had been offered for this property, and that he knew a person who would have given on the day of sale, for the Michael farm alone, if it had been offered as a separate farm the amount for which the whole property is reported to have sold. Mr. Lee testified that his father paid in 1885, five thousand dollars for the Frazier tract, and had put improvements, by way of buildings, gradings and machinery on the Michael farm to the value of $8,500 to $9,000. The present value of the buildings on the property was estimated at $6,000.

These are the main and substantial facts of the case, and while there is other evidence in the record, we deem it unnecessary to set it out here.

The law applicable to the facts of the case has been too recently settled by the decisions of this Court to require more than a brief citation from them. In *Carroll* v. *Hutton*, 88 Md. 679, it was held that an attorney under a mortgage to make a sale is bound "for the protection of the interest of all the parties concerned to bring the property into the market in such manner as to obtain a fair market price. His obligations in this respect measure up to the standard of fiduciary duty resting on a trustee under a decree of Court." He should fully consider the best mode of offering the property for sale, not only as to whether it was advisable to offer it in lots or parcels, but also as to the proper location and outline of each parcel. And in *Thomas* v. *Fewster*, 95 Md. 450, it was dis-

tinctly said that the property should be divided into lots or parcels, when such division and sale would produce more advantageous results, and that no more of the mortgaged premises should be sold than was practically unavoidable and necessary to pay the debt and expenses.

In the present case while it appears that the attorney named in the mortgaged acted in good faith in making the sale, he made a mistake in not selling the property as separate farms, and thereby selling more property than was necessary to pay the mortgage debt and expenses.

For the reasons the Circuit Court of Baltimore County committed no error in setting aside and vacating the sale, and its order of the 7th of July, 1904, will be affirmed.

*Order affirmed with costs.*