BEASLEY *v.* CAPLAN ET UX.

[No. 164, October Term, 1950.]

*Decided May 24, 1951.*

*Rehearing denied June 28, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *Wylie L. Ritchey* for the appellant.

*Carl W. Bacharach,* with whom were *Stahl & Bacharach* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

A proceeding to foreclose a mortgage dated March 11, 1949 was duly instituted in the Circuit Court No. 2 of Baltimore City. After advertising a sale in three publications and mailing two hundred cuts to a list of real estate dealers, two of the three parcels of unimproved land included in the mortgage were sold at public auction to York Realty Company for $5,100. The mortgagor filed exceptions to the sale which were overruled after hearing. The appeal is from the order overruling the exceptions and ratifying the sale. The appellant contends (1) that the property should have been advertised and offered for sale as individual lots, (2) that the price obtained was grossly inadequate, and (3) that the Trustee should have applied funds in his hands, belonging to the appellant, to the outstanding indebtedness on the

mortgage "thereby eliminating the necessity of the mortgage herein being in default".

We find no merit in these contentions. There was testimony by the trustee and by the auctioneer that although the property, fronting 250 feet on Greenspring Avenue and 100 feet on Ruscombe Lane, had been laid out in 1920 into fourteen lots according to a recorded plat, it was irregular in its topography, wooded and heavily overgrown, and "actually one lot". The mortgagor had planned to utilize it as a site for an apartment house. It was not suitable for sale to individual purchasers, but only for sale to a developer; to properly grade and clear the property would cost about $5,000. The property was also threatened with a loss of some twenty feet of frontage by a proposed widening of Greenspring Avenue. For reasons stated, the sale was held at the Real Estate Board rather than on the property. The cases of *Waters v. Prettyman,* 165 Md. 70, 166 A. 431 and *Long v. Worden,* 148 Md. 115, 128 A. 745, are clearly distinguishable. On the facts, the case resembles *Hunter v. Highland Land Company,* 123 Md. 644, 91 A. 697.

We think the chancellor was correct in finding that the price was not so inadequate as to warrant the setting aside of the sale. As was said in *Preske v. Carroll,* 178 Md. 543, 550, 16 A. 2d 291, 294: "mere inadequacy of price, standing by itself, is not sufficient to invalidate a sale, unless it be so gross and inordinate as to shock the conscience and raise the presumption of unfairness, mistake, or fraud in the conduct of the sale." See also *Lippold v. White,* 181 Md. 562, 31 A. 170. Cf. *Gilden v. Harris,* 197 Md. 42-45, 78 A. 2d 167, 172. The appellant testified that he paid $6,200 for the property in 1945 and spent about $250 cleaning out "undergrowth" at that time. It was assessed at $2,820. The price obtained at the auction, which was well attended, was $5,100. The appellant produced testimony that the property should be worth to a builder from $7,000 to $7,500, based on the Greenspring Avenue footage, where water and sewer connections were said to be available, at from

$28 to $30 a front foot. This estimate apparently included the four contiguous lots fronting on Ruscombe Lane.

We find nothing in the record to indicate that the trustee had any funds of the appellant in his hands at the time of the foreclosure. The trustee positively testified that the mortgage was in default; that the mortgage, for $6,000, called for principal payments of $250 quarterly, and that only the initial payment of principal was made, although there was one subsequent payment of interest. It was contended at the hearing that the trustee told the appellant that it was "all right" just to pay the interest. The trustee denied making any agreement in regard to the overdue principal payment, or that he had any authority to waive such payment. The appellant raised no objection to the sale, which he attended, nor did he assert in his exceptions that the mortgage was not in default. The allegation, now made for the first time in the appellant's brief, that the third parcel of land covered by the mortgage had previously been sold at foreclosure under a prior mortgage to a building and loan association, and yielded an excess which came into the trustee's hands, is wholly without support in the record. Indeed, it seems to be at variance with the appellant's own testimony that he had no other assets, and no interest in the present proceeding except to see that his other creditors were paid. In any event, we cannot consider it as the question was not raised or even suggested in the court below. Rule 9, Rules of the Court of Appeals.

*Order affirmed, with costs.*