JACOB TOME *vs.* THE MERCHANTS AND MECHANICS'
PERMANENT BUILDING AND LOAN COMPANY OF
BALTIMORE CITY, and others.

*Prior and Junior Mortgagees.*

A junior mortgagee who has obtained a decree for the sale of the mort-
gaged premises, under the provisions of Article 4, section 782, &c., of
the Code of Public Local Laws, will not be enjoined, at the instance of
the prior mortgagee, who was not a party to the proceedings in which
the decree was obtained, from proceeding to sell the mortgaged premises.
The sale under the decree is made subject to the rights of the prior mort-
gagee.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case, filed by the appellant, charged that
on or about the 26th of April, 1865, the appellee, Maria A.
Miller, then Maria A. Kelsey, having purchased a leasehold
interest in a lot of ground on Madison avenue, in the city of
Baltimore, of a certain William Applegarth, and not being
fully able to pay the entire purchase money, applied to the
appellant for a loan of $6,000, which he agreed to make on
condition that she would secure the same by a mortgage to
him of said property—this she agreed to do; that accord-
ingly he advanced said sum of money, which was paid to
Applegarth and by him applied in satisfaction of the balance
of the purchase money due to him; that thereupon said
Applegarth conveyed the property to the appellee Maria in
trust for the use and benefit of herself, jointly with her sis-
ters, the appellees Sarah and Florence Kelsey, with full power
to them, or the survivors or survivor of them, to sell and
convey the same; that contemporaneously with the execution
and delivery of said deed, the appellee Maria executed and
delivered to the appellant a mortgage of said property to
secure the loan so made by him.

The bill further charged that subsequently to said mortgage, the said Sarah and Florence Kelsey, for the purpose of borrowing certain sums of money from the appellee, The Merchants and Mechanics' Permanent Building and Loan Company of Baltimore City, respectively executed and delivered to said corporation mortgages of their respective interests in said property, and that said mortgages on their face did not refer to, nor subject the same to the priority due to the aforesaid mortgage to the appellant, and that such subsequent mortgages were executed in attempted fraud of the rights of the appellant; that said loan being alleged to be overdue and unpaid, said corporation had by *ex parte* proceedings obtained a decree for the sale of the leasehold interest in the property aforesaid; that by said decree trustees were appointed to make such sale, and that they threatened to sell the property; that the trustees and the corporation which they represented, alleged that by the mortgage to the appellant, the appellee Maria only conveyed her one-third interest in the premises, and that the two-thirds belonging respectively to the appellees Sarah and Florence Kelsey, were in no manner prejudiced or bound thereby; and that as to the said two-thirds the said corporation held by virtue of the mortgages to it, a good and perfect title, unaffected by the mortgage to the appellant.

The bill further charged that such proceedings, and the pretensions on which the same were based, clouded and obscured the title of the appellant, and placed in peril his loan, as the third interest of the appellee Maria would not suffice to pay the same in full. The bill prayed that an injunction might issue to restrain the appellee, The Merchants and Mechanics' Permanent Building and Loan Company of Baltimore city, and the appellees, the trustees, from proceeding to sell the mortgaged premises.

The Court (SCOTT, C. J.,) passed an order refusing the injunction.

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*George H. Williams,* for the appellant,

Referred, in support of his application, to the following authorities : *McCann vs. Taylor,* 10 *Md.,* 418; *Holland vs. Mayor, &c.,* 11 *Md.,* 197; *Polk vs. Rose, et al.,* 25 *Md.,* 153; *Polk vs. Reynolds,* 31 *Md.,* 111.

No counsel appeared for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

We concur in the opinion expressed by the Judge of the Circuit Court that the case presented by the bill and exhibits is not such as entitles the complainant to the writ of *injunction* as prayed, he is prior mortgagee, not a party to the proceedings instituted by The Merchants and Mechanics' Building and Loan Company, under their mortgages, and his rights are in no way affected thereby, or by any sale that may be made thereunder.   These proceedings are under the provisions of the Code, vol. 2, sec. 782, *et seq.:* which entitle the mortgagees, the Building and Loan Company, to sell under their decree without making the prior mortgagee a party to the proceeding—and he has no right to interfere with the execution of their decree, the sale is made subject to his rights under his prior mortgage.   No cloud is thereby cast upon his title ; and if there be a question as to the effect and operation of his mortgage, and the extent of his rights under it, he is not entitled to interfere with the proceedings instituted by the subsequent mortgagees for the purpose of arresting them until his rights may be ascertained and adjudicated.

In support of the bill we have been referred to *McCann vs. Taylor,* 10 *Md.,* 418; *Holland vs. Mayor, &c.,* 11 *Md.,* 186; *Polk vs. Rose, et al.,* 25 *Md.,* 153; and *Polk vs. Reynolds,* 31 *Md.,* 106, in which it was held the parties complainant were entitled to relief by injunction.   But we think the present case

does not fall within the principles decided in any of those cited, nor is there any head of equity under which the complainant is entitled to the relief prayed.

The order refusing the injunction will be affirmed.

*Order Affirmed.*

(Decided 9th February, 1871.)

MILLER, J., dissented.