# MARYLAND REPORTS.

APRIL TERM, A. D., 1874.

E. M. HARDY *vs.* WILLIAM P. SMITH, and JOHN SMALL, JR., Trustee.

*Distribution of the proceeds of the sale of Mortgaged property.*

There being three mortgages on certain leasehold property, a decree for the sale of the mortgaged premises was obtained by the second mortgagee under sections 782 to 792 inclusive, of Article 4 of the Code of Public Local Laws. The first mortgagee was appointed trustee to make the sale, and at the sale announced that the property would be sold clear of incumbrances. The sale was made and finally ratified by the Court. The auditor stated an account applying the proceeds of sale to the payment of the first mortgage, and the residue to the second mortgage, leaving a balance unpaid. On exceptions to the ratification of the auditor's account by the third mortgagee, it was HELD :

That the proceeds of sale of the mortgaged premises, ought to have been applied to the payment of the second mortgage, and the balance to the payment of the third mortgage. The first mortgagee had no right to participate in the fund; the property was sold subject to his mortgage.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

1                          v. 41.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*Wm. Shepard Bryan*, for the appellant.

*John Wm. Willson*, for the appellees.

GRASON, J., delivered the opinion of the Court.

It appears from the record in this case that there were three mortgages on certain leasehold property in Baltimore, the first in point of time held by John Small, Jr., the second by William P. Smith, and the third by the appellant. Smith obtained a decree under the 782nd and subsequent sections of the 4th Article of the Code of Public Local Laws, for a sale of the mortgaged premises, John Small, Jr., being appointed trustee to make the sale. At the time of the sale, Small, the trustee, announced that the property would be sold clear of incumbrances; the sale took place, was reported and finally ratified by the Court. The auditor stated an account applying the proceeds of sale to the payment of Small's mortgage, and the balance to Smith's, leaving a balance still due the latter. The appellant filed exceptions to the ratification of the account, claiming that the proceeds of sale ought to be applied to Smith's mortgage and the balance to his own, and denying Small's right to participate in the fund. The account was however ratified and this appeal was taken, and the only question raised is, whether any part of the proceeds of sale can rightfully be applied to the payment of Small's mortgage. We think this question is settled by the cases of *Tome vs. Merchants and Mechanics' Building and Loan Co., of Baltimore City*, 34 *Md.*, 14, and *Appold vs. Prospect Building Association*, 37 *Md.*, 457. In the former case Tome, who was first mortgagee, filed his bill for an injunction to restrain the Building and Loan Company, from proceeding under section 782 of the Code

of Public Local Laws to foreclose its mortgage. His bill was dismissed, and upon appeal the decree dismissing his bill was affirmed by this Court. The decision rested upon the ground that Tome had no right to interfere with the decree or the sale of the mortgaged premises by the Building and Loan Company, and that the sale would be subject to Tome's rights under his prior mortgage. It does not appear that Small had obtained any decree upon, or had any authority to sell under, his mortgage at the time the sale took place, or that he had advertised to sell clear of incumbrances. He, as mortgagee, was no party to the proceedings. As trustee he had no authority to sell except under the decree in Smith's case, and could only sell subject to his own prior mortgage. He had therefore no right to participate in the distribution of the proceeds of sale. They ought to have been applied to the payment of Smith's mortgage, and the balance to the payment of the mortgage held by the appellant.

The order appealed from will be reversed and the cause remanded for further proceedings, in accordance with the views expressed in this opinion.

*Order reversed, and*
*cause remanded.*

(Decided 25th June, 1874.)