WILLIAM M. TOBIN, INDIVIDUALLY, AND AS ADMINIS-
TRATOR, &C.

*vs.*

JOHN G. ROGERS, MORTGAGEE.

*Mortgages: sales under second mortgage; effect of prior mort-
gage filed in the case. Equity. Remanding causes
for further proceedings: Code, Art. 5, sec. 38.*

A sale under a second mortgage is subject to the effects of a
prior mortgage, unless the mortgagee in such prior mortgage
assents to a sale free and clear of his lien or voluntarily re-
leases the same, or unless he intervenes in the proceedings and
subjects himself and his mortgage to the jurisdiction of the
Court.                                                    p. 252

Where the mortgagee under a first mortgage was not made
party to foreclosure proceedings under a second mortgage and
did not release his mortgage, but simply filed a claim for its
amount and interest, an account allowing such claim should not
be ratified, without proof of the payment and release of the
first mortgage, or unless the first mortgagee by apt proceedings
has been made a party, so as to be bound thereby.        p. 252

He who seeks equity must do equity.                      p. 253

Under section 38 of Article 5 of the Code of 1912, the Court of Appeals, upon reversing an order, may, without any final decree, remand the cause for such further evidence and proceedings as will advance the cause of justice and equity between the parties.                                        p. 253

*Decided June 25th, 1913.*

Appeal from the Circuit Court for Baltimore County, sitting in equity (DUNCAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Edward H. Burke,* for the appellant.

*John G. Rogers,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

On the 19th of July, 1887, Lawrence Tobin executed a mortgage to John G. Rogers to secure the payment of the sum of $3,000, on certain property described in the mortgage. Two years later, on June 20th, 1889, a second mortgage was placed on the same property by Mr. Tobin to Mr. Rogers to secure an additional amount of $1,000. By virtue of *mesne* conveyances the first of the above mortgages became vested in Reuben Dorsey Rogers as trustee on May 6th, 1890. Default having been made on the second mortgage, in October, 1892, John G. Rogers instituted proceedings for foreclosure of that mortgage, in the Circuit Court for Baltimore County in Equity. The land was surveyed, divided into eleven lots and offered for sale and sold as lots in November of the

same year. In the advertisement no mention was made of the
first mortgage, to show whether the sale was to be made free
of, or subject to, that mortgage, nor was the first mortgagee
a party to this foreclosure proceeding. Mr. Rogers, who
made the sales, testified that the property was offered in
fee. At the sale the first five lots were bid in by the mort-
gagee at prices aggregating $1,600—the eleventh lot by Lidia
Tobin, wife of William M. Tobin, who was a son of the
mortgagor, for the sum of $1,710, two other lots were sold
to a Mrs. Davis for $180, and the three remaining lots to
C. R. and Frederick Faulstick for prices amounting to $460,
or a total for all of the sales of $3,950.

These sales were finally ratified and confirmed in the
month of December. In the early part of 1896 the re-sale
of the lots sold to Mrs. Davis was ordered and made, and
there the proceedings rested until 1912, when Lawrence
Tobin having died, his son, William M. Tobin, indi-
vidually and as administrator of his father, filed a peti-
tion to require Mr. Rogers as trustee to state an
account. Following this there was filed, what purports to
be the mortgagee's claim. This is in form a claim for the
amount due under the first mortgage, $3,000, with interest
thereon to November 10th, 1892, the day of the sale. At
the time of the institution of the proceedings the second
mortgage and note intended to be secured thereby, had been
filed, though not in the usual form of a claim. An auditor's
account was then stated in which the auditor charged Mr.
Rogers as trustee with the amount of the sales, $3,950, and
after allowing the usual expenses incident to the sale, allowed
the trustee for both the first and second mortgage debts, and
interest on them to the date of the sale of the property.
To this account William M. Tobin filed exceptions, setting
forth various grounds, which it is not now necessary to
repeat, and it is from the order of the Circuit Court over-
ruling the exceptions that this appeal is taken.

It must be premised that these foreclosure proceedings have been conducted with but scant regard for anything like orderly procedure, and with regard to some matters there is only a vague reference to subjects of no little importance in their bearing on the case. Thus it is alleged in the exceptions that proceedings were instituted for the foreclosure of the first mortgage prior to the making of the second, but whether such proceedings, if instituted, were dismissed, or have been entered satisfied or the property sold thereunder, nowhere appears.

The proceedings in the present case arose out of the second mortgage, and its foreclosure. The first mortgagee not having been made a party, any sale under the second mortgage must necessarily have been subject to the operation of the first mortgage, unless the first mortgagee assented to a sale free and clear of his mortgage or voluntarily released his mortgage, or intervened in this proceeding, subjecting himself and his mortgage to the jurisdiction of the Court. This it was perfectly competent for him to do, *Tome* v. *King,* 64 Md. 166, but he did not do it. All that he did, or that was done in his name, was to file a claim for the amount of his mortgage and certain interest thereon, and without asking to become or being made a party to the proceeding, so as to be bound thereby. Nor does it clearly appear that he has ever released his mortgage. That he has done so, is alleged in his answer, but no evidence was adduced to support this allegation, either by way of a duly certified copy of such release, or is there any testimony given to that effect by Mr. Rogers in his evidence. Before ratifying the account making this allowance to the trustee there should either have been satisfactory proof of the payment and release of the first mortgage, or R. Dorsey Rogers, trustee and mortgagee should by apt proceedings have been made a party to the cause in such a manner as to bind him, and give the Court jurisdiction in this proceeding over the first mortgage.

But while it is necessary to reverse the order of the lower Court, it by no means follows that William M. Tobin has any standing to assert a claim to any moneys arising or claimed to arise out of the sales made of the mortgaged premises. It it a familiar maxim that he who seeks the relief of equity must do equity. The evidence fails to show what amount of money did actually go into the hands of the trustee. Presumptively, of course, he received and collected the amounts shown in the report of sales. As against this there is the positive testimony that he did not receive the $1,710 purchase price of the property reported as sold to Lidia Tobin, and that the said Lidia Tobin and her husband, William M. Tobin, this exceptant, have been in the occupancy of the premises from the time of the sale in 1892 down to the present or nearly so. If now in addition to these facts the trustee has in fact paid off and discharged the first mortgage, he should be entitled to show that fact. It may well be that after the real facts in regard to these matters now clouded in doubt shall have been shown, the present exceptant will not have any such interest as will entitle him to intervene. *Miller's Equity,* section 77.

While, therefore, it is necessary to reverse the order appealed from, instead of passing any final decree herein, the case will be remanded to the Circuit Court for Baltimore County in Equity, in accordance with Article 5, section 38, Code (1912), that such further evidence may be taken and proceedings had as shall advance the purposes of justice and do full equity as between the exceptant and the trustee.

> *Order reversed and cause remanded for further proceedings, with costs to the appellant.*