# R. HARRY WEBSTER

*vs.*

# STEVENSON A. WILLIAMS.

*Mortgage Sale—Application of Proceeds—Payment of Prior Mortgage—Agreement with Purchaser.*

A sale under a second mortgage should be made subject to the rights of the prior and first mortgage.　　　　　　p. 166

Where a sale was made under a second mortgage without making the first mortgagee a party to the proceeding, the first mortgage was not referred to in the advertisement nor by the auctioneer, and it was not announced that the sale would be subject to incumbrances, while there was an agreement, between the purchaser and the attorney named in the mortgage, that the prior mortgagee should be paid out of the proceeds of sale, *held* that the sale should be set aside.　　　　　　p. 166

In view of the attorney's agreement with the purchaser, and he having reported the sale as made under the understanding that it was to be free and clear of the prior mortgage, it was proper for the court to refuse subsequently to require the attorney to report the sale as subject to the first mortgage.　　p. 167

Where, pending an appeal from a decree sustaining exceptions to a sale under a second mortgage for failure to make it subject to the first mortgage, the property was sold by the first mortgagee under his mortgage, a provision in the decree, ordering a resale under the second mortgage, should be disregarded.
　　　　　　p. 167

*Decided March 16th, 1923.*

Appeal from the Circuit Court for Harford County, In Equity (DUNCAN, J.).

Proceeding by Stevenson A. Williams, as attorney named in a mortgage from R. Harry Webster and wife, for the sale

of the mortgaged property thereunder. From a decree sustaining exceptions to the sale, said Webster appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Harry S. Carver,* with whom was *John S. Young* on the brief, for the appellant.

*S. A. Williams* and *Fred R. Williams,* submitting on brief.

BRISCOE, J., delivered the opinion of the Court.

The mortgaged property, in this case, was sold by the appellee, as attorney named in the mortgage, and the sale reported to the court.

The mortgage is dated on the 30th day of November, 1921, and was executed by the appellant and wife to the Harford Bank of Bel Air, to secure an indebtedness of $4,500.

There was a first or prior mortgage on the property for $3,500, dated the 22nd day of June, 1908, and payable at five years from date, to one John A. Russell. The prior mortgage was in default on both principal and interest, and the appellee was the attorney named in both mortgages.

By virtue of the power contained in the second or the bank's mortgage, and the default made thereunder, the appellee as attorney advertised the property mentioned in the mortgage for sale at public auction, giving more than twenty days' notice of the time, place, manner and terms of sale, by publication in the Bel Air Times and the Harford Democrat, two newspapers published in Harford County.

In the report of sale, it is stated that, in accordance with the notice, the attorney named in the mortgage attended at the court house door, in Bel Air, on Monday, the 2nd day of October, 1922, at eleven thirty o'clock A. M., and then and there offered the mortgaged premises at public auction, with the understanding that the same would be sold free and clear

of the prior mortgage for thirty-five hundred dollars ($3,500) and accrued interest, held by a certain John A. Russell, and sold said property to the Harford Bank of Bel Air, Maryland, at and for the sum of eight thousand dollars ($8,000), it being then and there the highest and only bidder therefor, and said purchaser has agreed in writing to pay said purchase money according to the terms of sale, as advertised, and with the aforesaid understanding, as by said agreement herewith filed as a part of the report.

The agreement appears to be as follows:

"The Harford Bank, of Bel Air, has this day purchased from Stevenson A. Williams, attorney named in the above-mentioned mortgage, all the mortgaged premises described therein, consisting of the residence property in which Mr. and Mrs. Webster formerly resided, bounded by the Rock Spring Road, the road from Scott's corner to Red Pump, Roland Avenue and Hall Street, with the understanding that it was purchasing the same clear of incumbrance; that is to say, that the prior mortgage of John A. Russell with accrued interest should be paid out of the proceeds of sale, at and for the sum of eight thousand dollars ($8,000) payable according to the terms of sale prescribed in the annexed notice of sale, the said premises being more fully described in said notice, and the said bank agrees to comply with the terms upon the ratification of sale by the Court.

"Witness the seal of said bank and the hand of the vice-president, duly attested by its cashier, this 2nd day of October, 1922.

(Seal)

"The Harford Bank,
By Wm. H. Harlan,
Vice-President.

Frank H. Jacobs,
Cashier.

The terms of sale, as contained in the notice, were one-third of the purchase money in cash on day of sale, one-third in six months, and the balance in twelve months, or all cash on day of sale, at the option of the purchaser, the credit payments to bear interest from day of sale and to be secured by the notes or bonds of the purchaser with surety to be approved by the attorney named in the mortgage.

The appellant filed exceptions to the ratification of the sale, as reported, upon the ground, first, that the property was sold under the second mortgage on the property where only the equity of redemption of the mortgagors could be sold, there being no notice of the first mortgage either in the advertisement of the sale, or otherwise, and the attorney reported the sale as having been made to the mortgagee free and clear of the first mortgage held by John A. Russell, amounting to $3,500 with accrued interest; that if said sale is ratified as having been made free and clear of the first mortgage as aforesaid then the price at which it was sold, viz., $8,000, is inadequate; second, that said sale should be reported as made to the mortgagee, at the price of $8,000, subject, of course, to the first mortgage for $3,500, with accrued interest.

Additional objections to the ratification of the sale were filed on the 20th of October, 1922, more fully setting forth the reasons for the objections to the sale, as reported, and as previously stated, first, that only the equity of redemption in said property was sold, and only the equity of redemption in said property could be sold, there being no notice of the first mortgage, either in the advertisement of the sale, or otherwise, and said report states said sale was made to the mortgagee under the second mortgage, free and clear of the first mortgage held by John A. Russell amounting to $3,500 and interest; that if said sale is ratified as reported, then the price at which it was sold, namely, $8,000, is inadequate, and second, that said sale should be reported as made to the mortgagee as aforesaid at the price of $8,000 subject to the first mortgage of $3,500 with accrued interest, and this

objectant asks that said attorney making said sale be required to report said sale as made.

The case was heard by the court below, upon oral evidence and the papers in the cause, and from a decree, sustaining the exceptions to the sale and vacating the sale as reported to the Harford Bank of Bel Air, this appeal has been taken.

The court also decreed that the petition of the objectant, that the report of sale be amended, so as the attorney be required to report the sale as made, be denied and refused, but the attorney named in the mortgage was directed to proceed to resell the mortgaged property subject to the prior mortgage.

We think the court below was entirely right in sustaining the exceptions filed to the sale, and in vacating the sale, as reported, under the facts of the case.

The sale was made under the second mortgage, and should have been made subject to the rights of the prior and first mortgagee. *Tome* v. *Merchants and Mechanics Bldg. & Loan Co.,* 34 Md. 12.

While there was a default in the prior mortgage, the first mortgagee was in no way a party to the proceedings, nor was it announced that the purchaser bought the property clear of encumbrances. It is admitted that the advertisement of the sale did not mention the first mortgage, nor did the auctioneer who made the sale, refer to it at the sale.

The mortgagor was not a party to the agreement between the Harford Bank, the purchaser, and the attorney named in the mortgage, wherein the bank agreed to purchase the mortgaged premises with the understanding that it was purchasing the same clear of incumbrance, that is to say, that the prior mortgage of John A. Russell, with accrued interest, should be paid out of the proceeds of sale, at and for the sum of eight thousand dollars, payable according to the terms of sale prescribed in the notice of sale.

In *Tome* v. *King,* 64 Md. 166, where a similar principle of law was presented, this Court said, it is clear, therefore, that under that order of sale, nothing but the equity of redemp-

tion, which was covered by the second mortgage, could have been sold. *Tobin* v. *Rogers,* 121 Md. 249.

As the understanding and agreement of the purchaser in this case was clearly expressed that the property was purchased clear of incumbrances, that is to say, that the prior mortgage of John A. Russell, with accrued interest, should be paid out of the proceeds of sale, we think that part of the decree was correctly passed, which refused to direct the attorney making the sale to report it subject to the first mortgage.

While there is nothing in the record to suggest or indicate fraud or misconduct on the part of any of the parties to this proceeding, yet the facts and circumstances surrounding the sale are sufficient to authorize the court to vacate the sale.

The appellee states in its brief that, pending this appeal, Russell, the first mortgagee in fact sold the property as re-advertised to Edwin A. Webster, in his own right (he represented the mortgagor at the prior offering) for $9,500. This being so, that part of the decree of the 6th of December, 1922, which provides that "the attorney named in the mortgage to proceed to re-sell the mortgaged premises, subject to the first or prior mortgage," may be disregarded by the appellee.

For the reasons stated, the decree of the court below will be affirmed, the costs to be paid by the appellant.

*Decree affirmed, the costs to be paid by the appellant.*