# BALTIMORE FEDERAL SAVINGS AND LOAN ASSOCIATION *v.* EARECKSON

[No. 152, September Term, 1959.]

*Decided February 23, 1960.*

528

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Symone S. Spector,* with whom were *Julius A. Victor, Jr.,*
and *Samuel Schenker* on the brief, for appellant.

*J. Jelet Christopher* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order overruling exceptions to and
ratifying an auditor's account in a foreclosure case. It ap-
pears that the property, 701 Hamlen Road, Glen Burnie, was
purchased by Keither H. Moore and Lottie Nester, formerly
Lottie Moore, in 1954. They executed a first mortgage to
First Federal Savings and Loan Association of Brooklyn,
Maryland, and on the same date executed a second, purchase
money, mortgage to Monumental Homes Corporation. The
second mortgage was duly assigned to the appellee, Eareck-
son. Thereafter the Moores obtained an unsecured loan from
Baltimore Federal Savings and Loan Association, which was
reduced to judgment for $794.90 in Baltimore City in 1957,
and duly recorded in Anne Arundel County.

In 1958, the second mortgage being in default, Eareckson
instituted foreclosure proceedings and filed his statement of
mortgage claim in the amount of $2,971.99. A trustee was
appointed by the court, who sold the property at public auc-
tion for a gross price of $9,030.00, Eareckson being the pur-
chaser. The trustee reported the sale and after due publica-
tion and order nisi, it was finally ratified and confirmed.
Thereafter, Baltimore Federal, the judgment creditor, filed a

petition for the allowance of its claim of $794.90, plus interest, out of the proceeds, after payment of the claim filed by the second mortgagee, which by order the court allowed. But when the matter was referred to the court auditor, the trustee submitted a "settlement sheet" showing that $6,711.15 was due on the first mortgage held by First Federal. Thereupon, the auditor stated an account distributing the net sale price, as reduced by costs and other items, first to the payment of the first mortgage, and the balance of $1,878.45 on account of the second mortgage claim, the unpaid balance of the claim being "subject to decree in personam". This left nothing for the judgment creditor. Baltimore Federal excepted, on the ground that the account should have disregarded the first mortgage and applied the net sale price first to the payment of the claim of the second mortgagee, then to the payment of its judgment, with balance of some $4,700.00 to the mortgagors, leaving the property in the hands of the purchaser subject to the first mortgage. After hearing, the court overruled the exceptions and the judgment creditor appealed. The mortgagors did not appeal.

The decree of court for the sale of the mortgaged premises was passed under Code (1957), Art. 66, sec. 6 et seq., pursuant to an assent contained in the second mortgage. It is conceded that under Code (1957), sec. 9, the holder of the second mortgage might properly bid on the property, as he did. It is also conceded that under sec. 10 of that Article any person claiming an interest in the equity of redemption has standing to file claim against the surplus of the proceeds of sale after payment of the mortgage claim. But the appellee contends that it was proper for the auditor to pay off the first mortgage in priority to the claim under the second mortgage. We think the contention is without merit.

It should be noted that the first mortgagee never became a party to the proceedings, and the statement in *Tobin v. Rogers*, 121 Md. 249, 252, is apposite: "The first mortgagee not having been made a party, any sale under the second mortgage must necessarily have been subject to the operation of the first mortgage, unless the first mortgagee assented to a sale free and clear of his mortgage or voluntarily released his

mortgage, or intervened in this proceeding, subjecting himself and his mortgage to the jurisdiction of the Court. This it was perfectly competent for him to do, *Tome v. King,* 64 Md. 166, but he did not do it. All that he did, or that was done in his name, was to file a claim for the amount of his mortgage and certain interest thereon, and without asking to become or being made a party to the proceeding, so as to be bound thereby." See also *Sansbury v. Belt,* 53 Md. 324, *Garner v. Union Trust Co.,* 185 Md. 386, 392, and *Plaza Corp. v. Alban Tractor Co.,* 219 Md. 570, 576. In *Hardy v. Smith,* 41 Md. 1, it was held that the trustee, who was also the first mortgagee, had no authority to sell under the foreclosure of a second mortgage, except subject to the first mortgage, even though he had announced at the sale, but not in the advertisement, that the property would be sold free and clear of all encumbrances. Hence, it was held that the first mortgagee had no right to participate in the proceeds of sale, at the expense of a claimant under a third mortgage. See also *Hughes v. Riggs,* 84 Md. 502, 505. The authorities elsewhere are generally in accord with the Maryland cases. See 3 Jones, *Mortgages* (8th ed.), §§ 2161, 2186; 1 Glenn, *Mortgages,* §§ 85, 109 (1943); 3 Wiltsie, *Mortgage Foreclosure* (5th ed.), § 1027.

In the instant case not only was the first mortgagee not made a party, but it did not even file a claim. Indeed, it was not shown that the first mortgage was in default, The statement of mortgage claim, filed and sworn to by Eareckson, included an item of $498.48 for monies advanced by him in payments on the first mortgage, presumably to prevent its foreclosure. It was the trustee's duty to sell the equity of redemption under an assent contained in the second mortgage. Some of the cases and texts cited state that there is a presumption of law that a purchaser at such a sale only pays for the property's worth in excess of the prior mortgage debt.

The appellee contends that the decree of sale passed by the court directed him to sell free and clear of all encumbrances, since it directed him, upon ratification of the sale, to convey to the purchaser the property sold "free, clear and discharged from all claim of the parties hereto, petitioner and mortgagor

and those claiming by, from or under them, or either of them." Obviously, this language does not purport to bind persons not parties, nor can it be said that the first mortgagee claims "under" the mortgagors as the appellee argues. A purchaser buys only the interest of the mortgagor, or the parties to the cause. *Heuisler v. Nickum,* 38 Md. 270, 278. When the mortgagors executed the second mortgage, it was expressly made subject to the operation of the first mortgage, under which they had conveyed away their legal title. The cases make it clear that, without the consent of the first mortgagee, or unless he is made a party, the court lacks jurisdiction to derogate from the prior grant. Even if the language were construed as the appellee urges, and we do not so construe it, the contention could not prevail.

The appellee seems to make a further contention, based on the equities of the situation, that he was misled into bidding for the property free and clear of all encumbrances. We find nothing misleading in the language of the decree of sale above quoted, or in the language of the advertisement which recited that the property was "subject to the legal operation and effect of a mortgage * * * recorded * * * prior hereto" to First Federal, quoting language used in the second mortgage filed in the proceedings. Eareckson knew, or was charged with notice, of this prior mortgage. He did not testify at the hearing below. There is no evidence in the record to show that he bid more than the value of the property subject to this mortgage, or that there was any announcement at the sale that the property was being sold free and clear of all encumbrances. The only testimony bearing on the point is a statement by the trustee that "it was our construction that the property was sold free and clear." If we can infer from this that the purchaser and trustee made a mutual mistake of law, and that this might under some circumstances afford ground for relief, it is too late to make the point now, under the facts of this case. There were no exceptions to the ratification of the sale, and it was finally ratified without objection. In all the Maryland cases where relief was afforded to a purchaser there was a timely objection to the sale itself. See *Webster v. Williams,* 143 Md. 162, 167 (exceptions to ratification);

532

*Brick Co. v. Robinson,* 55 Md. 410, 416 (injunction to restrain sale) ; *Heuisler v. Nickum, supra* (exceptions to ratification). See also note, 73 A.L.R. 612, 620. Cf. *Goodenow v. Ewer,* 16 Cal. 461. In the present posture of the case, we are dealing only with rival claims asserted against the surplus, the judgment creditor insisting that its claim be satisfied, the foreclosing second mortgagee insisting that he be allowed to apply the proceeds first to the liquidation of the prior encumbrance. Cf. *Goldenberg v. Title Guarantee Co.,* 212 Md. 448, 452. We need only decide as to the relative rights of these parties, and under the cases cited we think the judgment creditor must prevail.

> *Judgment reversed, with costs, and case remanded for the statement of an account not inconsistent with the views herein expressed.*