SAWYER *v.* NOVAK, ATTORNEY ET AL.

[No. 11, October Term, 1954.]

82

*Decided January 12, 1955.*

*Motion for rehearing filed February 11, 1955, denied February 18, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Albert F. Wheltle,* with whom were *Sidney I. Kellam* and *Mayer W. Perloff* on the brief, for the appellant.

*Max Sokol* and *Melvin J. Sykes* for the Attorney Named in the Mortgage.

*Michael Paul Smith,* with whom was *W. Lee Harrison* on the brief, for the Purchaser at the Foreclosure Sale.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree overruling exceptions by a mortgagor to the ratification of a foreclosure sale of mortgaged property and ratifying the sale. The grounds of the exceptions were that the property was not properly advertised and that the price obtained was inadequate. Exceptions to the sale were also filed by the United States, holding a tax lien to the extent of some $70,000 against the appellant. However, the United States is not a party to this appeal.

The appellee filed a motion to dismiss the appeal on the ground that the appellant failed to print all of the evidence bearing upon the adequacy of price, particularly certain testimony brought out on cross-examination that qualified the testimony on direct examination. The appellant filed an answer to the motion contending that the omitted testimony only went to credibility, and also filed a supplemental appendix containing additional testimony, to which the appellee filed a motion *ne recipiatur*.

We heard argument on these motions in advance of the hearing on the merits and overruled the motions in a per curiam opinion.

Rule 39 of our Rules and Regulations Respecting Appeals requires the appellant to print "such parts of the record as he desires the Court to read." We have construed the rule to mean that if the appellant relies on a point that makes it necessary for the Court to pass on the sufficiency of the evidence he must print whatever is material to the determination of the issue. *Sunshine Laundry Corp. v. White,* 197 Md. 582; *Gmurek v. Kajder,* 203 Md. 437. The rule is now being studied by our Rules Committee, for purposes of clarification. However, there is no contention here that the appellant was misled by the form of the rule. The contention is that the omitted testimony was not essential to a decision of the questions presented, and that in any event it was supplied in printed form well in advance of the hearing. We have recognized that some allowance must be made for a genuine difference of opinion as to what should be printed. Otherwise, an appellant might be forced to print the whole record, on peril of dismissal, and this would defeat one of the purposes of the rule. In *Kenny v. McAllister,* 198 Md. 521, and *Klein v. Dougherty,* 200 Md. 22, we stated that where there is reasonable ground for difference of opinion we would not dismiss the appeal for not printing everything that the appellee thought necessary, even though we might not impose the cost of printing the omitted matter on the appellee. Several months before the hearing on the motion to dismiss in the instant case, additional testimony had been supplied in printed form which seemed to meet the objections raised by the appellee, although additional testimony was later supplied by the appellee when its brief was printed. The time for filing the appellee's brief and appendix had been extended. Under the circumstances, and in spite of the fact that the time for filing the appellant's brief and appendix had expired, we felt justified in receiving the supplemental appendix printed by the appellant and

declining to dismiss the appeal, since there was no possibility of prejudice to the appellee or inconvenience to the Court. In this respect, the case of *Musser v. Bank of Takoma Park,* 195 Md. 100, is distinguishable.

On the merits of the case, it appears that the appellant was the owner of a tavern and apartment building, 6300 Old North Point Road, Baltimore County, which he erected in 1945. In 1946, he obtained a building association loan of $12,000. The tavern had been leased to several different tenants, and had not been notably successful. It was shown that the appellant had been forced to finance a previous tenant, who had nevertheless gone into receivership. The tenant who purchased from the receiver had his license revoked and moved out. The tavern was unoccupied for a year prior to the sale here in question. In the meantime, the mortgage payments were not kept up, and in June, 1952, foreclosure proceedings were instituted and the property was advertised for sale. The appellant then made a payment on account of $1,000, which did not bring the indebtedness to date, but was accepted on condition that future payments be made regularly. But no further payments were made, the appellant could not be reached, and the property was again advertised for sale on November 12, 1952. The advertisement was printed in the Jeffersonian, a newspaper published in Baltimore County, for four successive weeks, and a shorter version in the Baltimore Sun. Signs were also posted on the property. The balance due at that time was slightly in excess of $9,000. The advertisement described the property by metes and bounds, as well as by street number, under the heading "desirable leasehold tavern and apartment property". In the text it was stated that "The improvements consist of a cinder block tavern and apartment."

The sale was attended by about twenty persons. The appellant was not present and the attorney conducting the sale had no key to the tavern. Hence, prospective purchasers could not enter, although they could see through the plate glass front. The auctioneer announced

that there were four rented apartments on the second floor and invited bidders to inspect one of them, the other tenants being out. The bidders looked over one of the apartments and talked to the tenant. There were forty-nine bids made, the property finally going to Mr. Fradkin, who made the high bid of $20,600.

A number of witnesses were called to testify as to the fair market value of the property, but much of the proferred testimony was ruled out on the ground that the witnesses were not sufficiently qualified. It seems to have been generally agreed that there were no comparable sales of similar property in the neighborhood upon which to base an estimate of fair market value. Mr. Novak, the attorney named in the mortgage, testified that the high bid was a good price for the property at a mortgage sale. Mr. Miller, the auctioneer, testified that the property sold for a fair price, taking into account the fact that the tavern was not in operation. The appellant testified that the property was worth $50,000, largely on the basis of his investment, which he claimed was $34,500 in 1945. He testified that the apartments rented for a total of $2,880 a year, and the tavern had formerly rented for $3,600 a year. Mr. Cerame, a witness called by the United States, testified that the property was worth $60,000, a figure he obtained by capitalizing the rents at 10%. He qualified this statement, however, by admitting that at a forced sale the property should bring a minimum of $36,000.

Mr. Kelley, a witness called by the appellant, testified to a replacement value of about $46,000 for the land and improvements. However, in cross-examination, he admitted that using a capitalization figure of 15% for the tavern and 24% for the apartments, which he stated were the usual figures, and estimating the tavern rental at $2,000 a year, instead of the $3,600 paid by the former tenant, the correct figure would be $25,333, from which should be deducted the estimated value of the land, $6,300. On this basis the net value would be about $19,000. He also admitted that an appraisal made by J. Walter Jones

& Co. for the county, based on a calculation of the floor space and a capitalization of estimated rentals, was correctly made, although he thought the actual rentals were somewhat higher than those used in the calculation. This appraisal gave a net value of $18,925.

The Chancellor, in his opinion, stressed the fact that the principal value of the property was for tavern purposes, and that estimates based on the previous tavern rentals were dubious, in view of the past history and the fact that the license had been revoked. He found as a fact that "there is no competent testimony that the price for which the property was sold was an inadequate one." We are not persuaded that his finding was clearly wrong, or that the price was grossly inadequate.

The appellant contends that the reference in the text of the advertisement to a "tavern and apartment" gave no notice of the fact that there were four apartments in the building. He argues that this may have kept some prospective purchasers, who were interested in multiple apartments, from attending the sale, even though the sale itself was well attended and the bidders were then informed of the true situation. Certainly the advertisement was not as full and clear as it might have been. But the cases seem to hold that a failure to fully describe the nature and extent of improvements will not vitiate a sale, unless it is shown that the omission was prejudicial to the sale of the property at a fair and adequate sum, and that a resale would be likely to produce a greater amount. *Cockey v. Hampson*, 140 Md. 551. See also *Holton Park Co. v. Gary*, 133 Md. 509, 517; *Long v. Worden*, 148 Md. 115, 122; *Welch v. Byerly*, 150 Md. 107, 112; *Bregel v. Beckman*, 157 Md. 471; *Kres v. Hornstein*, 161 Md. 1, 4; *Ten Hills Co. v. Ten Hills Corp.*, 176 Md. 444, 449. In one of the latest cases, *Preske v. Carroll*, 178 Md. 543, 547, where there was a sale of a hall "suitable to be used as a skating rink or dance hall, and other buildings", which failed to specify certain cabins and a shower bath house as the "other buildings", it was said: "Failure of a notice of sale to mention or properly de-

scribe improvements on mortgaged premises may be sufficient ground for vacating the sale, if shown to be prejudicial to it, but such a result will not follow where no evidence has been produced to show that the omission misled anyone or had any prejudicial effect." There is a presumption in favor of the validity of judicial sales and the burden of establishing the contrary is upon the exceptant. *Ten Hills Co. v. Ten Hills Corp., supra; Webster v. Archer,* 176 Md. 245, 253. In the instant case, the finding of the Chancellor that the price was not inadequate, the fact that the sale was well attended and the imperfect description in the advertisement was amplified by the auctioneer, renders it highly improbable that a resale would produce a higher bid. On this record, we cannot find that the omission in the advertisement was so prejudicial as to call for a resale.

The appellee also contends that since no appeal bond has been filed in this case, and a deed has been executed and recorded, a reversal of the decree could not affect the rights of the purchaser in any event. *Webster v. Archer,* 176 Md. 245, 257 (*supra*), and cases cited. In that case the court stated that it reached the conclusion that there was no prejudice as a result of the trustee's action "with less reluctance * * * because a reversal of the order could not, except as to costs, possibly benefit the appellants." The remark is apposite here. In *Preske v. Carroll, supra* (p. 551), it was clearly recognized that the rights of a *bona fide* purchaser of mortgaged property would not be affected by a reversal of the order of ratification, unless a bond is given to stay proceedings, citing Code (1951), Art. 5, sec. 33. The only exception to the rule is in cases where there is unfairness or collusion by the purchaser in the making of the sale by the trustee. *Herman v. Bldg. & Loan Co.,* 145 Md. 480, 490. In that case the property was sold for an inadequate price because of "conduct by the purchaser which obviated the competition of another bidder". There are no such facts shown in the instant case. It is not suggested that the purchaser was responsible for the alleged defect

in the advertisement, or was guilty of any misconduct in connection with the sale. The mere fact that the deed was not executed until after the appeal was taken would not show collusion, or reflect upon the *bona fide* character of his purchase. Cf. *Webster v. Archer, supra* (p. 259), and *Wampler v. Wolfinger,* 13 Md. 337, 348. See also *Bowles v. Moller, Inc.,* 163 Md. 670, 684, 686; *Shirk v. Soper,* 144 Md. 269, 286; and *Raith v. Bldg. & Loan Ass'n.,* 140 Md. 542, 545. Nor are the cases distinguishable on the suggested ground that the purchaser here intervened in the proceedings, by leave of court, to protect his interests in sustaining the purchase, for no impropriety can be charged against him in that action so as to raise an estoppel. The appellant could have prevented the execution of the deed, pending the appeal, by filing bond or obtaining a stay. Having failed to do so, the purchaser was within his rights in completing the purchase, which he was obligated to do. Under all the circumstances we think the decree should be affirmed.

*Decree affirmed, with costs.*