963 A.2d 247

**Seyed Mehran MIRJAFARI**

v.

**Edward S. COHN, et al.**

**No. 2977, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Jan. 5, 2009.

Dale A. Cooter (Cooter, Mangold, Tompert & Karas, LLP, on the brief), Washington, DC, for appellant.

Stephen N. Goldberg (Cohn, Goldberg & Deutsch LLC, on the brief), Towson, and Kevin T. Olszewski, Bel Air, for appellee.

Panel: SALMON, JAMES R. EYLER, and RONALD B. RUBIN, (Specially Assigned), JJ.

RUBIN, J.

This appeal arises from a foreclosure sale of real property. On December 13, 2007, after four days of hearings, the Circuit Court for Harford County entered an order overruling the appellants' exceptions and ratifying the auction sale of appellants' property, which occurred on February 15, 2007. The appellants filed a motion to alter or amend judgment and a motion for new trial, which were denied by an order filed on January 15, 2008. A timely appeal was filed on February 12, 2008.

## Questions Presented

The appellants raise four questions for review, which we have rephrased, as follows:

1. Did the circuit court err in permitting the appellants' former counsel to withdraw from the case and in denying a motion for a continuance?

2. Did the circuit court err in considering the purchaser's appraisal and in concluding that the sales price was fair?

3. Did the circuit court err in concluding that the description of the property in the advertisement was adequate?

4. Did the circuit court err in finding that there was no tender or other payment sufficient to stop the sale?

We shall not answer any of the questions presented because we conclude that the appeal is moot by reason of the appellants' failure to post a supersedeas bond or other security.

## The Proceedings Below

The appellants, Maziar Mirjafari and Seyed Mehran Mirjafari, owned investment property located at 1700 Melrose Lane, Forest Hills, Maryland. The property was purchased by the appellants' uncle, Mansour Mirjafari, in 2002 for $245,000, but was titled in the appellants' name. The property is 2.728 acres, zoned R–3 and has two separate buildings with a total of six rental units.

In 2006, the appellants took out a mortgage with Home Equity Mortgage for $75,000. The loan was secured by a deed of trust, which required monthly payments of $1,050.75, beginning on June 1, 2006. While the June 1, 2006 payment was timely made, the July 1st payment was not paid until August 8, 2006. As of the date of the foreclosure sale, the appellants were seven months in arrears.[1]

The property was first advertised for sale on January 31, 2007, and then on February 7 and 14, 2007. The foreclosure auction was conducted by Alex Cooper Auctioneers, Inc. on February 15, 2007. The property was purchased at auction by

---

1. On October 19, 2006, the appellants tendered a check for the August and September 2006 monthly payments, but the check was returned for insufficient funds.

JSG Campus Hills LLC ("JSG") for $250,000. The report of the sale was filed with the circuit court on February 22, 2007.

The appellants' exceptions were filed on March 15, 2007. Listed as specific grounds were: (1) the alleged improper timing of the advertising of the property before the sale and (2) the alleged inadequacy of the description of the property in the advertisement. The trustee opposed the exceptions, contending that the advertising and description of the property were adequate, and that the sales price was adequate. The foreclosure purchaser, JSG, moved to intervene on June 11, 2007, contending that its "interests are equal to or superior than any alleged interest of the [appellants.]" This motion was granted on August 8, 2007.

The circuit court held hearings on the appellants' exceptions on September 17, September 20, December 12, and December 13, 2007. At the conclusion of the hearings, the circuit court made the following findings of fact with respect to the propriety of going forward with the sale:

> I do find as a fact—as a matter of fact that the subject mortgage in this case was in serious delinquency on the date of sale, namely February 15, 2007.
>
> I do also find as a fact that there was no completed forbearance transaction on or about the date of sale, February 15, 2007.
>
> I also find as a fact that there were no completed financing arrangements that had taken place prior to the sale.
>
> I also find that the mortgagors were not at the auction, or any member of the mortgagors' family, and that they knew of the date and time of sale.
>
> I find as a fact that there was no agreement to stop the sale. I find also that no one was advised that the sale was canceled, and in fact, the sale was not canceled and proceeded.

With respect to the contentions regarding the adequacy of the advertising notice and the sales price, the circuit court found:

... that there was legally sufficient notice from the notice that was published. It gave the Deed reference, it gave the plat reference. And the plat, if anyone looked at it, will tell you that there was a Board of Appeals' file number dealing with the property. So that would give any potential buyer, bidder at the auction, more than enough information to find out about the property, and as indicated, it certainly could be easily located from the ad.

Passing on to the adequacy of the sale price. The sale in this case was $250,000. As to the value at that time, I accept [the testimony of the purchaser's appraiser] that the value at that time was $345,000. This is, in fact, a "for[ced] sale," being a foreclosure. The law does not expect, nor do I think anyone expects that a sale at foreclosure is going to bring full value, mostly because of the risks that a bidder or purchaser at foreclosure takes. So what we have here is a sale of $250,000, full value being [$]345[,000]. For my money, that doesn't even get close to shocking my conscience, or the Court's conscience.

After the circuit court's oral ruling, counsel for the purchaser asked whether the circuit court would "[im]pose a requirement for an appeal bond." The circuit court then asked counsel for the appellants: "You wish to address that today, Mr. Goodman?" The appellants' counsel responded: "No, Your Honor, I don't." The record does not disclose any further discussion of the subject of security for an appeal. At oral argument, counsel for the appellants conceded that the circuit court was never asked to determine the amount of a bond, whether alternative security would suffice, or to stay ratification of the sale.

By order entered on December 13, 2007, the circuit court overruled the appellants' exceptions and ratified the sale. On December 21, 2007, the appellants moved to alter or amend judgment and for a new trial. None of the grounds listed in the post-hearing motion (or in the original exceptions) even hinted that the purchaser, JSG, was not a *bona fide* purchaser, or that there had been collusion between the purchaser and

the trustee. The circuit court denied the motion on January 15, 2008.

A notice of appeal was filed on February 12, 2008. However, at no time thereafter did the appellants post a supersedeas bond, seek to post alternative security, or ask the circuit court to stay the sale by the trustee to the foreclosure purchaser. The foreclosure purchaser settled on the property on June 19, 2008, and a deed was recorded that same day.

On June 25, 2008, JSG, the foreclosure purchaser, moved to dismiss this appeal, noting that the appellants had neither filed a supersedes bond under Rule 8–422 nor moved to post alternative security as required under Rule 8–243. After review of the appellants' opposition to the motion, this Court denied the motion to dismiss the appeal "without prejudice to request such relief in its brief pursuant to Maryland Rule 8–603." We now grant the motion to dismiss and explain.

### Discussion

■ The Court of Appeals has made it quite clear that there are two, and only two, exceptions to the rule that, absent a supersedeas bond or other security, a mortgagor's appeal challenging the ratification of a foreclosure sale is moot. Speaking through Judge Harrell, the Court of Appeals said in *Baltrotsky v. Kugler*, 395 Md. 468, 910 A.2d 1089 (2006):

> Our precedent has developed two exceptions to this general rule: (1) the occasion of unfairness or collusion between the purchaser and the trustee, and (2) when a mortgagee purchases the disputed property at the foreclosure sale.

*Id.* at 475, 910 A.2d 1089 (citations omitted). In *Baltrotsky,* the Court of Appeals also relied on *Weston Builders and Developers, Inc. v. McBerry, LLC,* 167 Md.App. 24, 891 A.2d 430 (2006), in which this Court noted that the posting of a supersedeas bond "is not the only means by which stay of enforcement of a judgment may be achieved." *Baltrotsky,* 395 Md. at 476, 910 A.2d 1089 (citing *Weston Builders and Developers, Inc.,* 167 Md.App. at 44, 891 A.2d 430).

In *Poku v. Friedman,* 403 Md. 47, 939 A.2d 185 (2008), the Court of Appeals reiterated that only two exceptions to the posting of a supersedeas bond (or other security) exist. In that case, the Court of Appeals expressly rejected the petitioner's request to create other exceptions, and held that the creation of additional exceptions to the general rule was unnecessary, and moreover, unwarranted. *Id.* at 53–54 n. 7, 939 A.2d 185. *See also Jones v. Rosenberg,* 178 Md.App. 54, 71–72, 940 A.2d 1109 (2008); *Billingsley v. Lawson,* 43 Md. App. 713, 727, 406 A.2d 946 (1979), *cert. denied,* 286 Md. 743 (1979).

■■ The appellants contend that their appeal in this case is not moot because JSG is not a *bona fide* purchaser. For this proposition, the appellants do not rely on any facts found by the circuit court.[2] Instead, the appellants rely on the decision of the Court of Appeals in *Pizza v. Walter,* 345 Md. 664, 694 A.2d 93, *mandate withdrawn,* 346 Md. 315, 697 A.2d 82 (1997).[3] *Pizza,* however, is factually inapposite and our independent review of the record has uncovered no support for the appellants' contention that JSG was not a *bona fide* purchaser for fair value. *See Waring v. Guy,* 248 Md. 544, 549–50, 237 A.2d 763 (1968) (discussing standards for determining the adequacy of price in a foreclosure sale); *see also Hurlock Food Processors Investment Associates v. Mercantile–Safe*

---

2. Under even the most forgiving standard for noting exceptions, *see In re Marcus J.,* 405 Md. 221, 233–37, 950 A.2d 787 (2008), it would appear that the appellants did not properly raise and preserve for review by the circuit court the issues of whether the foreclosure purchaser was a *bona fide* purchaser or whether there was collusion between the purchaser and the trustee. *See* Rule 14–305(d). Nor did appellants raise this issue in their questions presented on appeal. *See* Rule 8–504(a)(3). In any event, the record does not disclose that the appellants ever asked the circuit court to find that JSG was not a *bona fide* purchaser.

3. This case presents no occasion for this Court to consider the effect, if any, of the withdrawal of the mandate in *Pizza* by the Court of Appeals. It is sufficient to note that the opinion in *Pizza* was subsequently cited with approval in both *Baltrotsky* and *Poku.*

*Deposit & Trust Co.*, 98 Md.App. 314, 346–48, 633 A.2d 438 (1993).

In *Pizza*, the lender's trustee appointed his paralegal as substitute trustee and then proceeded to bid successfully on the property at the foreclosure sale. The contract for sale was unclear as to whether the former trustee was purchasing the property at foreclosure on his own behalf, or on behalf of the lender. In either event, the Court of Appeals was persuaded by the evidence of record in that case that the absence of a bond did not moot the appeal because the purchaser stood in the same position as the lender. *Pizza*, 345 Md. at 675–76, 694 A.2d 93. *Pizza*, therefore, simply stands for the settled proposition that a bond is not required on appeal when the lender, or his affiliate, purchases the property at foreclosure.

The facts in this case reveal no such circumstances. JSG was not the lender, and there are no facts in the record which would permit us to infer (much less to conclude) that JSG is an affiliate of the lender or the trustee. As a consequence, any defect in the foreclosure procedures cannot be imputed to JSG. *See Leisure Campground v. Leisure Estates*, 280 Md. 220, 223, 372 A.2d 595 (1977) (holding that a mortgagee who buys at a foreclosure sale does not free himself from any defects in the procedures underlying the sale because he is already a party to the dispute).

There was no finding by the circuit court (or any hint in the record) that any conduct by JSG adversely affected the price at which the property was sold at auction or that JSG was aware of any alleged defect in the advertising of the property or the conduct of the sale. To the contrary, the evidence before the circuit court was that the auction was well attended and that there were at least three active commercial bidders (one of which was JSG), none of which were affiliated with the lender or the trustee. There simply is no basis in the record to support a conclusion that JSG was responsible for any of the exception grounds raised by the appellants before the circuit court, or for any alleged inadequacy in price. *Sawyer v. Novak*, 206 Md. 80, 88–89, 110 A.2d 517 (1955).

■ Contrary to the appellants' contention before this Court, JSG's participation in the ratification hearing before the circuit court as an intervenor under Rule 2–214(a)(2) does not implicate either *Baltrotsky* exception. A contract purchaser of real property that is the subject of litigation is ordinarily entitled to intervene as of right. *See Pollekoff v. Blumenthal,* 83 Md.App. 85, 93–94, 573 A.2d 433 (1990); *Stewart v. Tuli,* 82 Md.App. 726, 730–32, 573 A.2d 109 (1990). Moreover, the fact that JSG submitted its own appraisal to show adequacy of price and that a deed to JSG was issued after the exceptions hearing, are legally irrelevant. *See Sawyer,* 206 Md. at 88–89, 110 A.2d 517.

■ The appellants also contend that the status of a foreclosure purchaser should be determined as of the time that title of the property is actually transferred, and that because JSG knew of the alleged defects in the sale, having participated in the exceptions hearing, JSG cannot be a *bona fide* purchaser. We disagree and, in light of the increasing number of foreclosures in Maryland, now make explicit what is implicit in the decisions of the Court of Appeals: the status of a foreclosure purchaser, as *bona fide* or not, is determined as of the time of the auction sale, not at the time of the exceptions hearing or ratification by the circuit court, or when legal title passes to the foreclosure purchaser. *See Pizza,* 345 Md. at 674–75, 694 A.2d 93; *Sawyer,* 206 Md. at 88–89, 110 A.2d 517. If the rule were otherwise, lenders would be discouraged from foreclosing on delinquent mortgagors. Likewise, bidders would be discouraged from participating in foreclosure auctions and, subsequently, from protecting their bid by participating in exceptions hearings before the circuit court.[4] *See Poku,* 403 Md. at 53–54 & n. 7, 939 A.2d 185; *Baltrotsky,* 395 Md. at 475, 910 A.2d 1089.

---

4. Appellants' suggestion in their brief that there had been collusion between JSG and the trustee, by reason of some unspecified prior business dealings, was neither raised in the original exceptions nor set forth as a question presented on appeal. It is not preserved for review. Rule 8–504(a)(3).

In summary, the appellants have attempted to avoid the holdings of *Baltrotsky* and *Poku* "by suggesting that there was unfairness or collusion in the making of the sale. From our perusal of the record we find no such evidence." *Billingsley,* 43 Md.App. at 727, 406 A.2d 946. Given the appellants' failure to post a supersedeas bond or other security, we have no choice but to dismiss the appeal.

**APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANTS**